John H. Gorsuch v. Commissioner.
Gorsuch v. Commissioner
Docket No. 1614.
United States Tax Court
1944 Tax Ct. Memo LEXIS 20; 3 T.C.M. (CCH) 1307; T.C.M. (RIA) 47127; December 4, 1944
*20 Fred R. Walker, Esq., and Cye W. Conley, Esq., for the petitioner. Walter W. Kerr, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: This proceeding is for the redetermination of deficiencies in income tax for the calendar years 1940 and 1941 of $1,052.06 and $2,061.91, respectively. The question in issue is whether the petitioner is entitled to deduct from gross income as an ordinary and necessary expense of carrying on a trade or business $2,600 used by the petitioner in each year for the promotion of his business. Findings of Fact The petitioner is a resident of Rockwood, Michigan. He filed his income tax returns for 1940 and 1941 with the collector of internal revenue at Detroit, Michigan. His return for 1940 showed a net income of $34,577.02 and for 1941 of $45,162.78. For the years 1940 and 1941 and for approximately seven years prior thereto petitioner was the owner of a wholesale beer business under the name of Central Distributors, located at 216 South Fort Street, Detroit, and also of Monroe Beer Distributors of Monroe, Michigan. He was the sole owner of both places of business. He first started his business with a partner by the name *21 of McVory. It was agreed between the partners that each should have an allowance of $50 per week for the promotion of their business. The partnership was dissolved after about one year. The petitioner has continued to draw $50 a week to be expended by him in the promotion of his business. During the taxable years the petitioner employed three salesmen. Each was allowed $20 per week for the promotion of sales. The money was used by the petitioner and by his salesmen chiefly in buying drinks for themselves, their friends, bartenders, and persons to whom they were introduced by the bartender or proprietor at the saloons where they called for the purpose of making sales, adjustments, etc. During the taxable years the petitioner had approximately 1,200 customers. Some of these would use only draught beer, others bottled beer. The petitioner's office was at his home at 216 South Fort Street, Detroit. It was his custom to be at his office in the early morning hours and then to call upon his customers for the purpose of investigating complaints received by him, making adjustments, etc. Some of his customers complained that the drivers and their helpers failed to pick up empty half barrels *22 and bottles and also failed to place the beer where the customers wanted it. Many complaints related to leaky half barrels, flat beer, etc. The petitioner averaged to call upon 20 or 30 customers a week. It was his custom also to buy drinks for the proprietor, his wife, the bartender, friends of his whom he might find in the saloon, and people to whom the proprietor or the bartender would introduce him. They expected him to patronize the saloons and to purchase drinks for his friends and acquaintances. Oftentimes the drinks purchased were not beer but higher priced goods. The petitioner usually spend from $1 to $5 in such purchases. It frequently happened also that one or more of his customers would call upon him at his office for the purpose of making complaints or for the purchase of larger quantities of beer than were usually delivered. They always expected him to treat them. He did not have on tap any beer at his office. It was his custom to take these visitors to a nearby saloon where he treated them. He would often spend as much as $5 for such purpose. The petitioner also found it necessary to attend state or county conventions of beer distributors. His expenses on these trips *23 and of attending conventions when held in Detroit all came out of the $50 weekly allowance made to him by his bookkeeper. On Monday morning of each week the bookkeeper advanced to the petitioner $50 and to each of the salesmen $20 for the promotion of sales. This money was in addition to expenses allowed to himself and his salesmen for the operation of automobiles. During some weeks the $50 advanced to him for the promotion of sales covered his expenses. In other weeks he would spend $25 or $30 in addition to the $50. The additional payments were not charged as selling expense. On the average the petitioner paid more than $50 per week for promotion of sales in the manner above indicated. The total amount spent by the petitioner during each of the years 1940 and 1941 was in excess of $2,600. The money used by the petitioner for the promotion of sales as above indicated was customary with all beer distributors. The payments were necessary in order to maintain the good will of the petitioner's customers and to hold business. Opinion The respondent has disallowed the claimed deduction of $2,600 for each of the years 1940 and 1941. His explanation for doing so with respect to the *24 year 1940 is as follows: You claimed as a deduction among other expenses an item of $7,050.81 selling expense, of which amount $2,600 was incurred by yourself in making calls upon the trade for the purpose of obtaining new business, eliminating real or fancied complaints of customers, attending both local and outstate distributors' meetings, labor union meetings, and for other expenditures of such nature to create good will for your product. In the absence of evidence to show in detail the nature of the claimed expenditures, it cannot be determined whether the amount spent by you constitutes an ordinary and necessary business expense or whether it represents personal or capital expenditures; hence $2,600.00 of your deduction for selling expenses has been disallowed as not coming within the provisions of section 23 (a) of the Internal Revenue Code. The same reason is given for the disallowance of $2,600 from the gross income of 1941. Section 23 (a) (1) (A) of the Internal Revenue Code provides for the deduction from gross income of "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." It is the contention of the *25 respondent that some of the $50 received by the petitioner from his business for the promotion of sales was a personal expense and also that the petitioner has failed to keep accurate records of the actual amounts spent for the promotion of his business. It is contended that the petitioner should have kept an accurate record of places and dates where and when the money was paid. We do not think that there is any question but that amounts spent by the petitioner for the promotion of sales in the manner above indicated was an ordinary and necessary expense of carrying on his lawful trade and business. Furthermore, we are satisfied from all of the evidence in the case that the petitioner actually expended at least $2,600 in each year for the promotion of sales in the manner set forth in our Findings of Fact. Accordingly, the determination of the respondent that the petitioner is not entitled to the claimed deduction of $2,600 for each of the taxable years is reversed. Decision will be entered under Rule 50.